THE STATE OF TEXAS ET AL V. HONORABLE EWING BOYD, DISTRICT JUDGE, ET AL.

No. 7626. Decided February 28, 1940.
Rehearing overruled March 27, 1940.
(136 S. W. 2d Series, 1107.)

*Gerald C. Mann,* Attorney General, *George W. Barcus, W. J. Fanning, Lloyd Armstrong* and *Ocie Speer,* Assistants Attorney General, and *Joe T. Goodwin,* of Austin, for relators.

*J. L. Webb,* of Houston, for respondents.

*J. S. Bracewell,* of Houston, filed argument as amicus curiae.

MR. JUDGE GERMAN, of the Commission of Appeals, delivered the opinion for the Court.

This action involves a conflict of jurisdiction between two district courts. There is practically no dispute over the law, but the parties differ as to the meaning of the facts. It becomes necessary to set out a rather extended statement of what has transpired in the respective courts, and this will, as we believe, lead to a solution of the difficulties.

On the 8th day of April, 1939, the Banking Commissioner of the State of Texas, by virtue of Article 881a-32 of the Building and Loan Association Laws of the State, gave notice to Kenneth Krahl, as Vice-President and Director of the Lone Star Building and Loan Association, to Victor Daily, as Secretary-Treasurer and Director of said association, to Dr. L. W. Chilton, Sr., as President and Director of said association, to W. J. Howard, as Director, to Frank M. Gossett, as Director, to J. I. Weatherly, as Director, and to Paul P. Parker, as General Manager of said association, to appear at a hearing to be held in the City of Austin on April 24, 1939, to show cause why they should not be removed from their respective positions with said association. The notice set forth various reasons and grounds why the Banking Commissioner considered that just cause existed for their removal. The provision of the statute under which the Banking Commissioner was proceeding is as follows:

"The Banking Commissioner of Texas may remove any officer or director of any such building and loan association for just cause specified by him and after ten (10) days notice in writing to such person. Any officer or director so notified of the intention of the Commissioner and feeling himself aggrieved by such removal shall have a right to apply to the District Court of his residence, for a writ of injunction to restrain such removal, as in ordinary injunction cases."

### HARRIS COUNTY CASE.

On April 20, 1939, the Lone Star Building and Loan Association, together with the parties above named, and with V. R. Kobersky, Louise Reidel and A. J. Reidel, alleging that they were stockholders in said association, as plaintiffs, filed suit in the District Court of Harris County against Z. Gossett, Banking Commissioner of the State of Texas; said suit being No. 256,964 on the docket of said district court. The purpose of the suit is reflected by the prayer of plaintiffs as follows:

"Wherefore, premises considered, plaintiffs pray that the defendant be cited to appear and answer herein and that this court issue a temporary restraining order enjoining said de-

fendant from taking any action looking to the removal of the officers and directors of the association without court procedure, and restraining and enjoining said defendant from removing the officers and directors of this association or in any manner interfering with their functions, until and after hearing in this court, and that upon final hearing of this cause said injunction be made permanent, and for such other and further relief, special and general, in law and in equity as they may be justly entitled to receive."

Upon the same day, and without notice, Judge Ben F. Wilson, Judge of the 61st Judicial Court of Harris County, entered the following order:

"The within petition having been presented to and heard by the Judge of the 61st Judicial District Court of Harris County, Texas, in Chambers, this the 20th day of April, A. D. 1939, and it appearing to him from the facts stated therein that the applicants are entitled to a temporary restraining order; that the same is within the complainant's allegations and prayer; that delay will not be injurious to any party and that justice may be subserved:

"Therefore, it is accordingly ordered that the Clerk of this Court issue a temporary restraining order, operating until and pending the herein below order, restraining the defendant from taking any action, looking to the removal of the said Kenneth Krahl, Victor Daily, Dr. L. W. Chilton, W. J. Howard, Frank M. Gossett, and Paul P. Parker, as officers and directors of the Lone Star Building & Loan Association, and restraining and enjoining the said defendant from in any manner interfering with the rights of the aforesaid persons as officers and directors of the said Association from performing their duties as such officers and directors under the law and under the By-laws of the Association, upon the plaintiffs executing a bond with two or more good and sufficient sureties, or a surety bond, in the sum of $100.00, conditioned as required by law; the Clerk shall quote this fiat and embody such order or writ, which shall also require the defendant to appear in the court room of this court on the 9th day of May, A. D. 1939, at 9 o'clock A. M. to show cause why the injunction should not be made permanent. Such writ shall be served by the Sheriff of Travis County, Texas.

"* * * Now, therefore, you are hereby commanded to desist and refrain from taking any action, looking to the removal of the said Kenneth Krahl, Victor Daily, Dr. L. W. Chilton, W. J. Howard, Frank M. Gossett, and Paul P. Parker, as officers and directors of the Lone Star Building & Loan Association, and

from in any manner interfering with the rights of the aforesaid persons as officers and directors of said Association from performing their duties as such officers and directors under the law and under the By-laws of the Association, during the pendency of this suit.

"And you are hereby further commanded to be and appear before the 61st Judicial District Court of Harris County, Texas, in the Court room thereof, on the 9th day of May, A. D. 1939, at 9 o'clock A. M., then and there to show cause why this injunction should not be made permanent."

On May 9, 1939, the following order was entered in said cause:

"A temporary injunction having heretofore been issued by this Court against the defendant in this case, returnable for the 9th day of May 1939, and it appearing to the Court that both plaintiffs and defendants by agreement having consented to hearing the case on its merits on the 22nd day of May, 1939, it is ordered by this Court that the temporary injunction heretofore granted be extended and remain in full force and effect until the case has been heard upon its merits on the 22nd day of May, 1939."

The Banking Commissioner filed his answer in said cause, but the date of filing is not shown. Apparently a hearing was held on May 22, 1939, the case having been theretofore transferred from the 61st Judicial District Court to the 55th Judicial District Court which was presided over by Honorable Ewing Boyd. The record does not show any order or judgment of the court as to the nature of the hearing, but we may safely assume that the following statement from answer of respondents substantially reflects what took place:

"The 55th District Court, after hearing the pleadings, demurrers, exceptions and arguments of counsel on the questions of law, stated that he was of the opinion that the bill of particulars, being that notice furnished by the relators herein on April 8, 1939, was insufficient, and did not properly apprise your respondents of the nature of the hearing to be held in Austin on April 24, 1939, and that the proposed procedure relating to the manner of the introduction of testimony would, in his opinion, deprive your respondents of their constitutional right to be confronted by the witnesses who would testify against them, and of their right to cross-examine them, and required of the relators herein a more particular bill and revision of the proposed manner in which the evidence would

be received on the hearing, and this was agreed to by the attorneys for both parties. The Honorable Ewing Boyd stated in open court he believed if such procedure were followed the respondents could have a fair hearing, but that he would keep the case on the docket and retain jurisdiction thereof and after the hearing would make his disposition of the case upon a report being made to him of the proceedings at Austin, and thereupon entered on his docket: 'Case passed, pending hearing at Austin.' "

On May 23, 1939, the Banking Commissioner sent an additional notice to the officers and directors of the Lone Star Building and Loan Association which was as follows:

"You are advised that in the matter of hearing by the Banking Commissioner to determine the propriety of the removal of the Directors and officers of the Lone Star Building and Loan Association, I as Banking Commissioner have set Wednesday, the 31st day of May, at 10 o'clock A. M. as the time, at the office of the Banking Commissioner of Texas, in the City of Austin, Walton Building, as the place for hearing such matter upon the charges and specifications heretofore delivered to you, at which time and place you will be given full opportunity to be heard upon said charge or charges and will be allowed to present any and all pertinent evidence or testimony that you may desire to present.

"This further notice is in pursuance of the suggestion of the Honorable Ewing Boyd, District Judge of Harris County, before whom your recent injunction suit is pending, made at a hearing in Houston on yesterday, at which time the restraining order heretofore issued against the Banking Commissioner expired and the court declined further to extend the same, and the notice is further to the end that you be given full opportunity to present to the Commissioner, at the time and place above named, any fact or facts showing reason why you should not be removed as such director or officer of the Lone Star Building and Loan Association."

On May 31, 1939, the hearing before the Commissioner of Banking was had. The order entered upon said hearing is lengthy and cannot be set out in full. We give a brief summary of same:

(a) It recites the appearance of all the parties, either in person or by attorneys, and an announcement of ready for trial. It does not show any protest by anyone.

(b) It recites giving of the original notice of April 8, 1939, for a hearing on April 24, 1939. In this connection it is re-

cited that said hearing was not had because of the temporary restraining order issued by the District Court of Harris County. It is further recited that as said restraining order had expired, the Commissioner on May 23, 1939, gave another notice, in which the parties were notified that they would have full opportunity of being heard and giving testimony, as is disclosed by said notice above set out.

(c) The fact of the hearing of evidence and argument of counsel is recited, and the matter was taken under consideration until June 13, 1939, at which time the ruling of the Commissioner was announced.

(d) The judgment of the Commissioner is set forth in this language:

"It is therefore the order and judgment of the Banking Commissioner of Texas, in virtue of the authority vested in him by law in such cases made and provided, that Kenneth Krahl, Vice-President and Director of Lone Star Building & Loan Association of Houston, Texas, Victor Daily, Secretary-Treasurer and Director of Lone Star Building & Loan Association of Houston, Texas, L. W. Chilton, Sr., President and Director of Lone Star Building & Loan Association, of Houston, Texas, W. J. Howard, Director of Lone Star Building & Loan Association, of Houston, Texas, Frank M. Gossett, Director of Lone Star Building & Loan Association, of Houston, Texas, and Paul P. Parker, General Manager of Lone Star Building & Loan Association, of Houston, Texas, each, every and all are hereby removed from their respective offices or positions as above indicated, in Lone Star Building & Loan Association, of Houston, Texas, and that they collectively and each of them respectively are henceforth in no wise and to no extent authorized to perform the functions of their offices or positions respectively, but henceforth they collectively and each of them respectively are without authority whatsoever with respect to administering or managing the affairs of Lone Star Building & Loan Association, of Houston, Texas."

### TRAVIS COUNTY CASE.

On June 9, 1939, the State of Texas by its Attorney General, acting upon the relation of Z. Gossett, Banking Commissioner, filed suit in the District Court of Travis County against the Lone Star Building and Loan Association. This suit was No. 61,891 upon the docket of said court. The purpose of the suit was to forfeit the charter of said Association, the appointment

of a receiver, and to wind up its affairs. The petition contains allegations of various grounds sufficient, if true, to entitle the State to the relief sought. It is alleged that said suit is brought upon the relation of the Banking Commissioner under and by virtue of the provisions of Section 7, Acts 1929, 41st Legislature, 2nd Called Session, Chapter 61, as amended by Acts 1939, 46th Legislature, Senate Bill No. 13; and there is a further allegation that the suit is brought by the State of Texas through the Attorney General, not upon the relation of the Banking Commissioner, but in the nature of quo warranto, as authorized by Article 1380 of the Revised Statutes of 1925.

Upon the filing of this petition the Judge of the District Court of Travis County issued a restraining order directed to the Lone Star Building and Loan Association, restraining it from alienating, conveying, transferring or disposing of its properties, and from paying out any funds or moneys belonging to same. The court also set a date for hearing on the question of appointment of a receiver and temporary injunction. Said temporary restraining order appears to have been kept alive awaiting action of this court in this proceeding.

On June 19, 1939, the defendant Lone Star Building and Loan Association filed in said Travis County suit its plea of privilege to be sued in Harris County. On the same date said defendant, subject to its plea of privilege, filed plea in abatement and answer. The plea in abatement was predicated upon an allegation that there was pending a suit in Harris County involving the same subject matter.

FURTHER ACTION IN HARRIS COUNTY CASE.

On July 6, 1939, plaintiffs in said Cause No. 256,964, in Harris County filed their first amended original petition. This petition named Z. Gossett, in his individual capacity, as well as in his capacity as Banking Commissioner, and Gerald C. Mann, individually and in his capacity as Attorney General, defendants. Many of the allegations of this petition relate to matters which occurred prior to May 31, 1939, the date upon which the hearing before the Commissioner was held. We think the relevant portions of the petition are these:

(a) That the action of the Banking Commissioner of June 13, 1939, in removing the officers and directors of the Lone Star Building and Loan Association was void; although the grounds for such contention are not fully set forth.

(b) Institution of suit No. 61,891 by the State of Texas in the District Court of Travis County, and issuance of the

restraining order is alleged. Is is further alleged that all such actions are wrongful, illegal and void. Apparently this claim is based on the further claim that all matters involved in the Travis County suit were previously involved in the Harris County case.

(c) Further allegations tending to show that the acts of defendants were detrimental to the rights of plaintiffs, and damages in the sum of $10,000 are alleged.

(d) Prayer was made for temporary restraining order directed to Z. Gossett, Banking Commissioner of the State of Texas, and Gerald C. Mann, Attorney General of the State of Texas, in terms as hereinafter set out.

Upon presentation of said petition the Honorable Ewing Boyd, Judge of the 55th Judicial District Court of Harris County, issued restraining order in terms as follows:

"Now, therefore, you and each of you, your assistants, agents, servants, employees and attorneys, are hereby commanded that you desist and refrain from interfering with the plaintiffs: Lone Star Building and Loan Association, Kenneth Krahl, Victor Daily, Dr. L. W. Chilton, W. J. Howard, Frank M. Gossett, and V. R. Kobersky, in the conduct of the business of said Lone Star Building and Loan Association; and, you and each of you, your assistants, agents, servants, employees, and attorneys, are hereby further commanded that you desist and refrain from taking any action in the cause pending in the District Court of Travis County, being Cause No. 61,891 on the docket of the 53rd Judicial District Court of said County, entitled: State of Texas versus Lone Star Building and Loan Association, other than to have restraining orders and injunctions therein dismissed or to have said cause dismissed; and, you and each of you, your assistants, agents, servants, employees, and attorneys, are hereby further commanded that you desist and refrain from enforcing or attempting to enforce the restraining order in the aforesaid cause, and from extending same or having same extended, and from prosecuting the aforesaid suit or any other suit seeking the same relief, or any part thereof, as sought in the above described suit in Travis County, Texas; all to remain in force and effect until the 15th day of July, 1939, and until the completion of hearing on the application for temporary injunction."

### PROCEEDINGS IN THE SUPREME COURT.

This is an original action brought in this Court by Gerald C.

Mann individually, and as Attorney General of the State of Texas, and Z. Gossett, as Banking Commissioner of the State of Texas, called relators, against Honorable Ewing Boyd, Judge of the 55th Judicial District Court of Harris County, Lone Star Building and Loan Association, Kenneth Krahl, Victor Daily, Dr. L. W. Chilton, W. J. Howard, Frank M. Gossett, V. R. Kobersky, David D. Schaffer and wife, Kittie Schaffer, C. R. Stewart, Mrs. C. H. Ford, a widow, and Mrs. Zula V. Crenshaw, a widow, referred to as respondents. The nature of the relief sought is as follows:

"These plaintiffs would show that the unlawful, unwarranted and void acts of the defendants, and especially the defendant, Honorable Ewing Boyd, herein complained of, are contrary to law and to every consideration of public policy, and their necessary effect is and will be to thwart the ordinary and due processes of governmental functioning, and are productive of delay and interminable confusion in the affairs of state; that these plaintiffs have no adequate legal remedy or remedies whatsoever; that Harris County and Travis County are situated in territorial jurisdictions of different Courts of Civil Appeals and the suffering of a judgment to be entered by any court of Harris County, necessitating or authorizing an appeal therefrom by either party, would not be binding upon the district courts of Travis County, and, correspondingly, a decision by the District Court of Travis County authorizing or necessitating an appeal to the Court of Civil Appeals, would not be binding upon the District Courts of Harris County, thus bringing about confusion and uncertainly, and thus unlawfully interfering with the proper functioning of the District Court of Travis County for the 53rd Judicial District, and of the Attorney General and of the Banking Commissioner as state officials charged specifically and exclusively with the performance of duties in respect to the maintenance and prosecution of cause No. 61,891 in said 53rd Judicial District Court.

"Wherefore, these plaintiffs pray that the defendants be cited in such terms and at such time as to this court may seem proper to answer this petition, and that upon final hearing hereof they have judgment, that this court will issue its most gracious writ of mandamus, directed to the Honorable Ewing Boyd, Judge of the 55th Judicial District of Texas, for Harris County, commanding him to rescind his said existing restraining orders in connection with the prosecution of said cause No. 61,891, and further that this court will issue any and all other writs necessary or proper to petitioners' complete relief, under the facts herein made known to the court."

OPINION.

■ From the foregoing statement it appears to us apparent that the restraining order of Judge Ewing Boyd issued out of the District Court of Harris County, attempting to restrain proceedings in the Travis County District Court, is wholly void. The Travis County case is an action for dissolution of the corporate existence of the Lone Star Building and Loan Association, and to wind up its affairs. It is an action authorized by statute, and is being prosecuted by the officials of the State directly charged with the duty of enforcing the laws of the State as regards dissolution of corporations, and particularly a building and loan association. Aside from the fact of the removal of the officers and directors of the Lone Star Building and Loan Association, the petition alleges various grounds for dissolution and forfeiture of charter. Under the allegations of the State's petition, public policy, as well as the plain mandates of the law, require prosecution of the suit by the State, under direction of the officials representing it. The subject matter of this suit goes far beyond the mere circumstances of who may or may not represent said association as corporate officers and directors. The subject matter of this suit, as well as the essentially necessary party plaintiff, to-wit, the State of Texas, is in no sense involved in the suit in Harris County.

On the other hand, the suit in Harris County as originally filed by the officers and directors of the Lone Star Building and Loan Association is a personal one, equitable in its nature, and is peculiarly limited and defined by the statute. The language of the statute is as follows: "Any officer or director so notified of the intention of the Commissioner and feeling himself aggrieved by such removal shall have a right to apply to the district court of his residence, for a *writ of injunction to restrain such removal,* as in ordinary injunction cases."

■ A great deal is said in briefs about interference with the original restraining order issued in the Harris County case. The meaning and effect of that order must be determined from the prayer on which it was based. At the most it could only have meant that the Banking Commissioner was restrained from taking action looking to the removal of the officers and directors until their right to injunction "to restrain such removal" could be heard in the district court in Cause No. 256,964. But manifestly such restraining order by its terms, and by action of the parties and the court, has become functus officio. The order of May 9, 1939, extended it only to May 22, 1939. Unless expressly extended, it expired on that date. It is obvious

that a hearing was had on that day. Respondents' admissions, quoted above, and the answer of Judge Boyd show conclusively that the principal objection urged was that the Commissioner was attempting to deprive respondents of a right to produce witnesses and be heard upon the facts. The court expressly held with them on that contention, "and required of the relators herein a more particular bill and revision of the proposed manner in which the evidence would be received on the hearing; and this was agreed to by attorneys for both parties." It is further recited that "Judge Boyd stated in open court he believed that if such procedure were followed the respondents could have a fair hearing." The court thereupon entered on his docket a notation as follows: "Case passed, *pending hearing at Austin.*"

This manifestly shows that the restraining order was set aside so as to allow the hearing before the Commissioner in Austin. This is emphasized by the notice which followed. It expressly recited the dissolution of the restraining order, and the giving of additional notice, "in pursuance of the suggestion of the Honorable Ewing Boyd, District Judge of Harris County." Said notice fully complied with the ruling of Judge Boyd, as it provided as follows: "At which time and place you will be given full opportunity to be heard upon said charge or charges and will be allowed to present any and all pertinent evidence or testimony that you may desire to present." The order entered by the Commissioner shows that the parties did appear and answer and no protest was filed.

We think it does appear that Judge Boyd, while dissolving the restraining order to the extent of allowing the hearing before the Commissioner, undertook to reserve jurisdiction of the matter to the extent of determining whether or not, in event the Commissioner did remove the officers and directors, such removal was valid. Whether or not the parties are entitled to an appeal from the action of the Commissioner, or whether or not, having permitted the hearing and the removal, the court may in that proceeding determine the question of validity of the removal, and award damages for such action, are questions which may be appropriately litigated in that case.

It seems to us, however, that these matters, in the last analysis, are not of vital importance here. The Travis County case was filed before the amended petition (in which the wrongful removal and prayer for damages were set up) was filed in the Harris County suit. Therefore the Travis County District Court obtained jurisdiction of the suit for forefeiture of charter before the Harris County court acquired jurisdiction of the cause of action set up in said amended pleading;—even if it

could be said that the subject matter of the two cases then became similar; which certainly appears not to be true. Undoubtedly prior to the filing of the amended pleading the subject matter of the original suit in Harris County and the subject matter of the suit in Travis County were wholly dissimilar.

■ But it is argued that the act of the Commissioner in removing the officers and directors amounts to a dissolution of the corporation and a forfeiture of its charter. This is obviously not true, otherwise it would have been wholly unnecessary to set up in the law provisions for forfeiture of charter in proceedings brought by the State, acting through its Attorney General, or upon relation of the Banking Commissioner. It would certainly be inconsistent for the Harris County court, in the proceedings brought by the officers and directors merely to restrain their removal, to determine that the State might not, in any other proceeding, forfeit the charter of the corporation, or appoint a receiver for its business and assets.

■ We think it appropriate to add, however, that in so far as the State may seek to forfeit the charter of the corporation on the ground that its officers and directors have been removed, the Travis County court should not consider that ground until after such time as the Harris County court may have determined the validity of such removal, or until it be determined that the validity of such removal may not be litigated in the courts. While the matter of the hearing before the Commissioner is mentioned in the State's petition, filed June 9, 1939, the fact that the officers and directors have been removed is not set up as a ground for forfeiture of charter and dissolution of the corporation. Indeed it could not have been done because at that time the Commissioner had not rendered his decision.

There are other questions concerning diversity, or lack, of parties, and pertaining to the power of the District Court of Harris County to enjoin the Banking Commissioner and Attorney General in the matter of enforcing statutory duties, involving exercise of official discretion, but it is unnecessary to discuss those questions. As the District Court of Harris County had no jurisdiction over the subject matter of suit No. 61,891 pending in Travis County, the restraining order of December 6, 1939, is necessarily void.

Writ of mandamus will issue directed to Honorable Ewing Boyd, Judge of the 55th Judicial District Court of Harris County, Texas, commanding him to rescind and set aside said

order of July 9, 1939, pertaining to said Cause No. 61,891 in the District Court of Travis County.

Opinion adopted by the Supreme Court February 28, 1940.

Rehearing overruled March 27, 1940.